UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL ALEJANDRO CHAVEZ,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br>Defendants. | No. 2:26-cv-02022 SCR P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff filed his complaint in the Central District of California on May 26, 2026, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. ECF No. 1. The action was transferred to this district on June 2, 2026. ECF No. 5. By order filed June 23, 2026, the undersigned ordered plaintiff to file an application to proceed in forma pauperis or pay the required filing fees within 30 days. ECF No. 8. Plaintiff was provided a new in forma pauperis application form and warned that a failure to comply would result in the recommendation that the action be dismissed. Id. at 1-2. More than 30 days have passed, and plaintiff has not paid the filing fee or submitted a completed in forma pauperis application.

Plaintiff's failure to comply with the Court's February 2, 2026, order warrants dismissal for failure to comply with a court order. Local Rule 110. When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint was screened out and defendant was not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this matter.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's incomplete in forma pauperis application (ECF No. 2) be DENIED; and
2. The action be dismissed without prejudice for failure to comply with a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE